16-395
Ni v. Whitaker

BIA
Vomacka, IJ
A075 841 782
A079 453 836

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
>       *Circuit Judges.*

_____

YI CI NI, AI YUE CHEN,
        *Petitioners,*

v.                                          **16-395**
                                            **NAC**

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONERS:**          Gary J. Yerman, New York, NY.

**FOR RESPONDENT:**           Benjamin C. Mizer, Principal
                              Deputy Assistant Attorney General;
                              Linda S. Wernery, Assistant
                              Director; Thankful T. Vanderstar,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yi Ci Ni and Ai Yue Chen, natives and citizens of the People's Republic of China, seek review of a January 14, 2016, BIA decision that affirmed the November 22, 2013, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Ci Ni, Ai Yue Chen,* Nos. A075 841 782, A079 453 836 (B.I.A. Jan. 14, 2016), *aff'g* Nos. A075 841 782, A079 453 836 (Immig. Ct. N.Y. City Nov. 22, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under these circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

2

established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

Chen argued that she suffered past persecution for discussing her support for Falun Gong in China and that she fears persecution for practicing Falun Gong in the United States. In pre-REAL ID Act cases, such as Chen's, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be "substantial" when measured against the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003) (internal quotation marks omitted), *superseded by* REAL ID Act as recognized in *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Chen was not credible as to her Falun Gong claim.

As an initial matter, the agency did not err in relying in part on Chen's statements at her credible fear interview to evaluate her credibility because the interview was conducted with an interpreter, the interview was memorialized in a typewritten question and answer format, the questions posed were designed to elicit details of Chen's asylum claim, Chen's responses indicated that she understood the questions, and the adverse credibility

3

finding was based on inconsistencies rather than omissions. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). In finding Chen not credible, the agency reasonably relied on Chen's inconsistent statements about where she was when police beat her, how they beat her, where on her body she was hit, who paid for her release from detention, how much was paid, and whether she left China after closing her shoe store due to police harassment or whether she left after police discovered her reading Falun Gong literature in her relative's shoe store. *See Secaida-Rosales*, 331 F.3d at 307-08; *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal quotation marks and citation omitted)). Furthermore, the agency reasonably found that Chen failed to rehabilitate her testimony or satisfy her burden with reliable corroborating evidence, and did not err in declining to credit a letter from her uncle as it was not sworn before a notary and lacked crucial details. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her

4

testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter because it was unsworn and from an interested witness).

Ni and Chen further asserted a fear of persecution based on the birth of their children in the United States in violation of China's population control program. For largely the same reasons as set forth in *Jian Hui Shao*, we find no error in the agency's determination that they failed to satisfy their burden for asylum, withholding of removal, and CAT relief based on their family planning claim. 546 F.3d at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

5